**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

RUSSELL MARKS,

        Petitioner,

        vs.

JOSE VASQUEZ, Warden,

        Respondent.

CIVIL ACTION NO. CV205-011

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Russell Marks ("Marks"), an inmate currently incarcerated at the Federal Correctional Institution in Marianna, Florida, filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C.A. § 2241 while he was incarcerated at the Federal Correctional Institution in Jesup, Georgia. Respondent has filed a Motion to Dismiss, and Marks filed a Traverse. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE FACTS

Marks pleaded guilty in the Western District of Missouri to one count of conspiracy to distribute cocaine, in violation of 21 U.S.C.A. § 846, and to one count of conspiracy to launder money, in violation of 18 U.S.C.A. § 371. Marks was sentenced on April 16, 1993, to life imprisonment. Marks filed a direct appeal and claimed that the trial court did not properly advise him of the nature of the charges against him, did not establish a factual basis for his guilty plea for the cocaine conspiracy count, and did not inform him of the possible sentence for that count. The Eighth Circuit Court of Appeals found no error and

AO 72A
(Rev. 8/82)

affirmed his conviction and mandatory life sentence on the cocaine conspiracy count. United States v. Marks, 38 F.3d 1009 (8th Cir. 1994). Marks filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C.A. § 2255 on February 21, 1997, in the district of his conviction. The District Court for the Western District of Missouri denied Marks' motion by order dated June 4, 1997. (Pet'r's Appx., Att. 2.)

Marks asserts in the instant petition that the decisions in his direct appeal and his section 2255 motion were decided under mistaken legal conclusions. Marks also asserts that his motion for reconsideration and motion to correct a clerical error, which sought correction of the "Judgement and Commitment Order" and which the trial court granted, correctly indicated that he faced a mandatory minimum term of life imprisonment. (Pet'r's Appx., Att. 3.) Marks contends that it was not until this decision was issued that he could properly challenge the legality of his conviction and sentence. (Pet., p. 2.) Marks avers that the trial court failed to adequately inform him at his Rule 11 hearing that he faced life imprisonment pursuant to 21 U.S.C.A. § 841(b)(1)(A). Marks also avers that his counsel advised him that he could not be sentenced to life imprisonment because the Government did not file a sentence enhancement notice pursuant to 21 U.S.C.A. § 851.

Respondent asserts that Marks does not satisfy the savings clause of section 2255, and, as a result, his petition should be dismissed.

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, a petition collaterally attacking a conviction is filed under 28 U.S.C.A. § 2255 in the district of conviction. 28 U.S.C.A. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may

2

be entertained where the petitioner establishes that the remedy provided under 28 U.S.C.A. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C.A. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C.A. § 2255, ¶ 5 (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969).[1]

Marks has styled his action as a petition for writ of habeas corpus pursuant to 28 U.S.C.A. § 2241. Marks asserts that the remedies afforded under section 2255 and on direct appeal were "inadequate or ineffective" to challenge the legality of his sentence and conviction because "the Eighth Circuit and the Western District of Missouri considered his claims under the mistaken legal conclusion that he faced a statutory mandatory minimum term of twenty-years imprisonment." (Pet., p. 4.)

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and petitioner is barred from filing successive petition); Cohen v. United States, 593 F.2d 766, 771 n. 12 (6th Cir. 1979)

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

(holding that § 2255 remedy ineffective where petitioner was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 petition or unreasonably delayed consideration of petition); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244. Marks does not allege that the claims in his petition are based on a retroactively applicable decision of the Supreme Court, nor does he allege that the law of any circuit prevented his claims at a previous time. Accordingly, Marks has not satisfied the requirements of § 2255's savings clause.

Marks cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Marks is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at

4

1245. Merely because Marks' previous section 2255 motion was denied does not make the remedy afforded by that section inadequate or ineffective to challenge the legality of his detention.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 6) be **GRANTED**, and Marks' Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C.A. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this _9th_ day of May, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

5

AO 72A
(Rev. 8/82)

# United States District Court
## *Southern District of Georgia*

MARKS

)

vs

)  CASE NUMBER  CV205-11

VAZQUEZ

)  DIVISION  BRUNSWICK

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1.  Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2.  That the aforementioned enveloped contained a copy of the document dated 5/9/05 , which is part of the official record of this case.

Date of Mailing:        5/9/05

Date of Certificate        ☒ same date,        or _____

Scott L. Poff, Clerk

By: _____
        Deputy Clerk

Name and Address

Amy Copeland
Russell Marks, 06550-045, FCI Marianna, P.O. Box 7007, Marianna, FL 32447

☐  Copy placed in Minutes
☐  Copy given to Judge
☒  Copy given to Magistrate