IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

RUSSELL MARKS,

    Petitioner,

vs.

JOSE VASQUEZ, Warden,

    Respondent.

CIVIL ACTION NO. CV205-011

## ORDER

After an independent review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Marks contends that his direct appeal and 28 U.S.C.A. § 2255 motion were inadequate and ineffective to test the legality of his detention because the Eighth Circuit Court of Appeals and the Western District of Missouri considered his claims under the mistaken legal conclusion that he faced a statutory mandatory minimum term of twenty (20) years' imprisonment. Marks asserts that he has never had the opportunity to have his properly raised claims decided on the merits. Marks contends that lifetime imprisonment under a mistaken legal conclusion is a quintessential miscarriage of justice. Marks avers that this Court must address his non-defaulted claims for "cause" to excuse his procedural default regardless of whether he can establish actual innocence. Marks contends that he

has a non-defaulted issue, i.e., he contended on direct appeal that his guilty plea should have been vacated because the trial court did not adequately notify him at his plea hearing that he faced a statutory mandatory minimum term of life imprisonment pursuant to 18 U.S.C.A. § 841(b)(1)(A), in violation of FED. R. CRIM. P. 11(c). Marks also contends that he has cause to excuse his procedural default because he alleged in his section 2255 motion that his attorney improperly informed him that he could not be sentenced to life imprisonment because the government had not filed an enhancement notice pursuant to 18 U.S.C.A. § 851. Marks alleges that he has been prejudiced by this because he would have never pleaded guilty had he known he faced a mandatory minimum of life imprisonment. Marks requests legal conclusions as to whether the savings clause of section 2255 extends to claims involving fundamental defects in the proceedings and whether Dretke v. Haley, 541 U.S. 386, 124 S. Ct. 1847, 158 L. Ed.2d 659 (2004), overruled Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999).

In Wofford, the Eleventh Circuit Court of Appeals held that the savings clause of § 2255

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244. The Eleventh Circuit also held that "the *only* sentencing claims that may *conceivably* be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent." Id. at 1245 (Emphasis supplied). It is only when a petitioner satisfies the savings clause of section

2

2255 that the "portal to a § 2241 proceeding" is opened. Id. In that situation, "the proper inquiry in that § 2241 proceeding will be whether the petitioner can establish actual innocence of the crime for which he has been convicted." Griffin v. Wiley, 2005 WL 1672118, at *2 (11th Cir. July 19, 2005). The Supreme Court in Dretke held that "a federal court faced with allegations of actual innocence, whether of the sentence or of the crime charged, must first address all nondefaulted claims for comparable relief and other grounds for cause to excuse the procedural default." Dretke, 541 U.S. at 393-94, 124 S. Ct. at 1852.

It is evident that Dretke did not overrule Wofford, and in fact, Wofford remains the law of this Circuit. See Griffin, 2005 WL 1672118, at *2 (quoting Wofford's savings clause "test"). It is also evident that the savings clause of § 2255 does not extend to cases involving fundamental defects. See Wofford, 177 F.3d at 1245.

As the Magistrate Judge noted, Marks does not allege that his claim that the Eighth Circuit Court of Appeals and the Western District of Missouri operated under the mistaken legal conclusion that he faced a statutory mandatory minimum term of twenty (20) years' imprisonment is based on a retroactively applicable Supreme Court decision overturning circuit precedent. (Doc. No. 11, p. 4.) Thus, Marks fails to satisfy the savings clause of § 2255. See Wofford, 177 F.3d at 1244. Accordingly, the Court need not address whether Marks is actually innocent of the crime for which he received a life sentence. See Griffin, 2005 WL 1672118, at *2. In addition, Marks does not present the Court with any non-defaulted claims for relief because, as he admits, he has brought his claim either on direct appeal or in his previous section 2255 motion.

AO 72A
(Rev. 8/82)

The Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court. Respondent's Motion to Dismiss (Doc. No. 6) is **GRANTED**. Marks' petition for writ of habeas corpus is **DISMISSED**. The Clerk of Court is hereby authorized and directed to enter an appropriate Judgment of Dismissal.

**SO ORDERED**, this 15 day of August, 2005.

JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)

# United States District Court
## Southern District of Georgia

MARKS )

vs )  CASE NUMBER  CV205-11

VASQUEZ )  DIVISION  BRUNSWICK

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 8/15/05 , which is part of the official record of this case.

Date of Mailing: 8/15/05

Date of Certificate  [X] same date, or _____

Scott L. Poff, Clerk

By: _Sherry Taylor_
Sherry Taylor, Deputy Clerk

**Name and Address**

Amy Lee Copeland
Russell Marks, 06550-045, FCI Marianna, P.O. Box 7007, Marianna, FL 32447

☐ Copy placed in Minutes
☒ Copy given to Judge
☐ Copy given to Magistrate